**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

BRENT GROENEWEG,

      Plaintiff,

          v.                          CASE NO. 1:26-CV-61-HAB-ALT

CITIBANK NA,

      Defendant.

## OPINION AND ORDER

Plaintiff Brent Groeneweg ("Groeneweg"), proceeding without an attorney, is suing Citibank NA ("Citibank") for several claims related to the company's efforts to collect on Groeneweg's debt from a Citibank credit card. (ECF 5). Groeneweg asserts that Citibank violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (*Id.*, at 18). He also claims Citibank is liable for conversion, unjust enrichment, intrusion upon seclusion, and intentional infliction of emotional distress ("IIED") under Indiana common law. (*Id.* at 18–21).

Citibank first pursued a civil debt collection action against Groeneweg in state court. (ECF 5). Groeneweg responded by filing his claims against Citibank in a separate suit and moving to consolidate the actions.[1] (*Id.*). Citibank then removed Groeneweg's case to this Court. (ECF 1). Groeneweg now seeks to remand the case to the Allen Superior Court. (ECF 7). The motion is fully briefed and ripe for ruling. (ECF 7, 12, 14).

---

[1] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the state court dockets in the two cases. *Citibank NA v. Brent A Groeneweg*, Cause No. 02D02-2510-CC-004447 (debt collection action); *Brent Groeneweg v. Citibank N A*, Cause No. 02D01-2601-PL-000006 (Groeneweg's parallel claims under the FDCPA and Indiana common law).

Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. If a plaintiff brings a civil action in state court that federal courts have original jurisdiction over, the defendant or defendants may remove the case to the district court where the action is pending. 28 U.S.C. § 1441. District courts can also exercise supplemental jurisdiction over state-law claims that accompany federal claims if they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "State and federal claims are part of the same case or controversy if they derive from a common nucleus of operative facts." *Scholastic Servs., Inc. v. First Midwest Bancorp, Inc.*, No. 2:15-CV-211 JD, 2015 WL 5772526, at *3 (N.D. Ind. Sept. 30, 2015). But federal courts can decline to exercise supplemental jurisdiction over the state claims if (1) they raise "a novel or complex issue of state law," (2) they "substantially predominate" over the federal claims, (3) "the district court has dismissed all claims over which it has original jurisdiction," or (4) "there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). If a plaintiff believes removal was improper, they can move to remand the case to state court. 28 U.S.C. § 1447(c).

Remand appears patently inappropriate. The FDCPA is a federal cause of action, meaning this Court has original jurisdiction over that claim. Groeneweg concedes that all his claims— federal and state—stem from Citibank's collection efforts.[2] The claims all share this common nucleus of operative fact and thus arise out of the same case or controversy. In sum, the Court has original jurisdiction over the FDCPA claim and should exercise supplemental jurisdiction over the state-law claims unless Groeneweg can show one of the exceptions applies. He cannot.

---

[2] ECF 7, at ¶ 12 ("The FDCPA caps statutory damages for an individual at 1,000 dollars *and the remaining alleged damages (emotional distress, reputational harm, and state-law tort damages) are all tied to the same debt-collection conduct surrounding this one account.*") (emphasis added).

Groeneweg does not contend that the state claims present novel or complex issues, and the FDCPA claim which this Court has original jurisdiction over is still pending. But he argues that the other two exceptions apply. Groeneweg asserts that the state claims substantially predominate over the FDCPA claim and that this case presents exceptional circumstances which warrant remand. In addition, he also contends that this Court lacks jurisdiction because the amount in controversy is well below $75,000. But this last argument is Groeneweg's only one that attempts to defeat this Court's jurisdiction. All the others would leave his FDCPA claim pending before this Court while the state-law claims return to Allen Superior Court.

Groeneweg's argument that the low amount in controversy defeats federal jurisdiction confuses the Court's basis for exercising jurisdiction. The amount in controversy needs to exceed $75,000 if the Court exercises *diversity* jurisdiction, i.e., the parties are from different states. 28 U.S.C. § 1332(a). But Citibank invoked *federal question* jurisdiction when removing this case. (ECF 1). Federal question jurisdiction only requires that the case arise under federal law. 28 U.S.C. § 1331. It imposes no amount in controversy requirement. *Id.*

His arguments opposing supplemental jurisdiction over the state-law claims fall just as flat. Groeneweg's state claims do not substantially predominate over his FDCPA claim. If they did, they would require far more proof, involve issues of much greater scope, or seek a far more comprehensive remedy. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). But Groeneweg concedes that all his claims focus on the same conduct by Citibank. The same evidence would likely address nearly every issue on every claim. And while he seeks injunctive and declaratory relief alongside damages for his claims, (ECF 5, at 21), those remedies are not beyond this Court's capabilities. *See* FED. R. CIV. P. 65; 28 U.S.C. §§ 2201–2202. Groeneweg's IIED claim is the only one that would require evidence outside the scope of his FDCPA claim. *Lachenman v.*

3

*Stice*, 838 N.E.2d 451, 456 (Ind. Ct. App. 2005) ("The elements of the tort are that the defendant: (1) engages in extreme and outrageous conduct (2) which intentionally or recklessly (3) causes (4) severe emotional distress to another."). But the additional evidence his IIED claim would require is minimal compared to the evidence that would address all of his other claims in one fell swoop.

Groeneweg's case also presents no extraordinary circumstances that justify remand when this Court is otherwise the appropriate forum. Groeneweg argues that Citibank's parallel collection case against him in Allen Superior Court and his "pending" motion to consolidate the cases creates this compelling justification. He also insists that Allen Superior Court is a better-suited forum for resolving Indiana common law claims. But since Groeneweg moved to remand, his motion to consolidate in state court was denied. *Citibank NA v. Brent A Groeneweg*, Cause No. 02D02-2510-CC-004447, at 2/13/2026, "Order Issued." And generally, "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the [f]ederal court having jurisdiction." *McClellan v. Carland*, 217 U.S. 268, 282 (1910). Plus, even if state courts have more exposure to Groeneweg's state-law claims, that hardly creates an extraordinary circumstance or unfairness requiring this Court to relinquish jurisdiction over a case it can properly adjudicate.

Groeneweg has not demonstrated any valid reason his lawsuit cannot or should not continue in federal court. His motion to remand (ECF 7) is DENIED.

**SO ORDERED** on April 7, 2026.

s/ *Holly A. Brady*  
CHIEF JUDGE HOLLY A. BRADY  
UNITED STATES DISTRICT COURT