**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

BRENT GROENEWEG,

      Plaintiff,

        v.

CITIBANK NA,

      Defendant.

CASE NO. 1:26-CV-61-HAB-ALT

## OPINION AND ORDER

Plaintiff Brent Groeneweg ("Groeneweg"), proceeding without an attorney, is suing Citibank NA ("Citibank") for several claims related to the company's efforts to collect on Groeneweg's debt from a Citibank credit card. (ECF 5). Groeneweg first filed his complaint against Citibank in Allen Superior Court on January 12, 2026. (*Id.*). On February 5, 2026, Citibank timely removed Groeneweg's case to this Court. (ECF 1). Citibank later sought and received an extension of time until March 12, 2026, to respond to Groeneweg's complaint. (ECF 10, 13). On March 12, Citibank filed a motion to compel arbitration in lieu of an answer. (ECF 19). That motion has been referred to Magistrate Judge Andrew Teel and is still pending.

But Groeneweg now moves for an entry of default and default judgment against Citibank under Federal Rule of Civil Procedure 55. (ECF 28). He insists that he is entitled to an entry of default because Citibank's motion to compel arbitration is not a responsive pleading, thus Citibank has failed to defend the lawsuit. Rule 55(a) provides that "[w] hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Groeneweg offers nothing to explain why he would also be entitled to a default judgment if the clerk makes an entry of default.

Groeneweg's entire basis for his motion is flawed because defendants in a pending lawsuit "may file a petition or motion to compel arbitration in lieu of an answer to the complaint." *Lamkin v. Morinda Props. Weight Parcel, LLC*, 440 F. App'x 604, 607 (10th Cir. 2011) (quoting Jay A. Grenig, Alternative Dispute Resolution § 23:3 at 574 (3d ed. 2005)); *see also Nellum v. Credit Acceptance Corp.*, No. 1:25-CV-01579-TWP-CSW, 2025 WL 3222813, at *4 (S.D. Ind. Nov. 18, 2025) ("A defendant may file a motion to compel arbitration in lieu of an answer."). "An arbitration clause is a type of forum-selection clause," so motions to compel arbitration "concern venue" and "are brought properly under Federal Rule of Civil Procedure 12(b)(3)" as a responsive pleading. *Grasty v. Colorado Tech. Univ.*, 599 F. App'x 596, 597 (7th Cir. 2015).

But instead of citing Rule 12(b)(3), Citibank's motion to compel referenced Federal Rule of Civil Procedure 12(b)(1) to contend that the arbitration clause at issue would deprive the Court of subject-matter jurisdiction. (ECF 19). This is wrong. "[A]n agreement to arbitrate does not affect a district court's subject-matter jurisdiction." *Grasty*, 599 F. App'x at 597. Despite this error, Citibank's motion still constitutes a responsive pleading that the Court is free to consider. *Id.*

Citibank properly and timely filed a pleading responsive to Groeneweg's complaint and is actively defending against his claims. Groeneweg's Motion for Entry of Default and Default Judgment (ECF 28) is DENIED.

**SO ORDERED** on April 7, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT