UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| BRENT GROENEWEG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:26-cv-00061-HAB-ALT |
| | ) | |
| CITIBANK NA, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On March 12, 2026, Defendant filed a motion to compel arbitration and a supporting memorandum. (ECF 19, 20). On March 13, 2026, *pro se* Plaintiff filed a response. (ECF 21). On March 20, 2026, Defendant filed its reply. (ECF 23). The motion is now ripe for ruling. For the following reasons, the motion to compel (ECF 19) is GRANTED and the case is STAYED pending arbitration.

Since the filing of the motion to compel, Plaintiff has filed a "Motion to Compel Defendant to Answer Complaint." (ECF 22). This motion is DENIED as moot.

### I.    Facts and Background

On January 12, 2026, Plaintiff filed his complaint in state court alleging unlawful debt collection practices under the Fair Debt Collection Act. (ECF 5 at 2). Plaintiff indicates this claim arises out of a dispute regarding his credit card. (*Id*. at 2-3). Defendant then removed this case to this Court alleging federal question jurisdiction (ECF 1), and soon after filed this motion to compel arbitration.

Defendant has attached the Account Agreement, which contains an arbitration clause. (ECF 19-1). The arbitration clause reads,

> ***PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.***
> **THIS SECTION PROVIDES THAT DISPUTES MAY BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, HAVE A JURY TRIAL OR INITIATE OR PARTICIPATE IN A CLASS ACTION. IN ARBITRATION, DISPUTES ARE RESOLVED BY AN ARBITRATOR, NOT A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN IN COURT. THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT (FAA), AND SHALL BE INTERPRETED IN THE BROADEST WAY THE LAW WILL ALLOW.**

(ECF 19-1 at 5).

The Account Agreement then continues,

> You or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship (called "Claims").
>
> **If arbitration is chosen by any party, neither you nor we will have the right to litigate that Claim in court or have a jury trial on that Claim.**
>
> Except as stated below, all Claims are subject to arbitration, no matter what legal theory they're based on or what remedy (damages, or injunctive or declaratory relief) they seek, including Claims based on contract, tort (including intentional tort), fraud, agency, your or our negligence, statutory or regulatory provisions, or any other sources of law; Claims made as counterclaims, cross-claims, third-party claims, interpleaders or otherwise; Claims made regarding past, present, or future conduct; and Claims made independently or with other claims. This also includes Claims made by or against anyone connected with us or you or claiming through us or you, or by someone making a claim through us or you ….

(*Id.*).

The arbitration clause also contains limits which include the following statement.

> We won't initiate arbitration to collect a debt from you unless you choose to arbitrate or assert a Claim against us. If you assert a Claim against us, we can choose to arbitrate, including actions to collect a debt from you. You may arbitrate on an individual basis Claims brought against you, including Claims to collect a debt.

(*Id.*).

The Account Agreement also includes a choice of law provision which provides,

"[f]ederal law and the law of South Dakota, where we are located, govern the terms and enforcement of this Agreement." (ECF 19-1 at 5, 7).

In support of its motion, Defendant also provides a sworn declaration from Kyle Mitchell, a representative of Citibank. (ECF 20-1 at 2). Mitchell represents that he has access to the business records of Citibank and cardmember accounts. (*Id.*). Those records indicate that a credit card was issued to Plaintiff by Department Stores National Bank, a subsidiary of Citibank, in August 2020 and that Plaintiff continued to use the card until October 2024. (*Id*. at 3). Following Citibank's merger with Department Stores National Bank in 2022, Citibank sent a notice to Plaintiff in September 2022 which discussed the merger. (*Id.* at 5, 14). The September 2022 notice states, "[a]ny terms of the Credit Card Agreement not amended remain unchanged," and does not discuss any changes to the arbitration clause. (*Id.* at 14-15). Similarly in June 2024, Citibank sent a notice to Plaintiff notifying him of changes in the Agreement, but a change to the arbitration clause is not mentioned. (*Id.* at 5, 29-30).

Contained in the Account Agreement, Plaintiff could have followed procedures to object to the arbitration clause portion (ECF 19-1 at 5), but Mitchell's review of Citibank's records indicate there is no record of Plaintiff doing so (ECF 20-1 at 5).

Defendant argues, Plaintiff's claim is subject to binding arbitration pursuant to the arbitration clause. (ECF 20 at 4). In response, *pro se* Plaintiff argues the motion is premature and that (1) Defendant has not met its burden of proof to establish a valid arbitration agreement covering this dispute, (2) Defendant has waived its right to arbitration by choosing to litigate, and (3) forced arbitration invokes fairness and public policy concerns in consumer debt cases. (ECF 21 at 4-6).

## II.      Legal Standard

"Under the FAA, if the parties have an arbitration agreement and the asserted claims are within its scope, the court must compel arbitration and stay the case." *Theobald Farms, Inc. v.*

*Cent. States Enters., LLC*, No. 1:21 CV 409 HAB-SLC, 2025 WL 1168888, at *2 (N.D. Ind. Apr. 21, 2025) (quoting *Lathan v. Uber Techs., Inc.*, 266 F. Supp. 3d 1170, 1173 (E.D. Wis. 2017) (internal quotations omitted). In other words, courts "must grant a motion to compel arbitration where there is (1) a written agreement to arbitrate, (2) a dispute within the scope of the agreement to arbitrate, and (3) a refusal to arbitrate." *Walton v. Uprova Credit LLC*, 722 F. Supp. 3d 824, 830 (S.D. Ind. 2024) (citation omitted); *see also Zurich Am. Ins. Co. v. Watts Indus., Inc.*, 417 F.3d 682, 687 (7th Cir. 2005).

The FAA "does not expressly identify the evidentiary standard a party seeking to avoid compelled arbitration must meet," however courts have analogized the standard to that required of a party opposing summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure. *Theobald Farms, Inc.,* 2025 WL 1168888, at *2 (citation omitted); *see also Tinder v. Pinkerton Sec.*, 305 F.3d 728, 735 (7th Cir. 2002) (collecting cases). "The opposing party must demonstrate that a genuine issue of material fact warranting a trial exists." *Theobald Farms, Inc.,* 2025 WL 1168888, at *2 (citations omitted). Where the parties disagree that an arbitration agreement exists, the summary judgment standard supplies the standard of review. *See Tinder*, 305 F.3d at 735. "The court must consider all of the non-moving party's evidence and construe all reasonable inferences in the light most favorable to the non-moving party." *Tickanen v. Harris & Harris, Ltd.*, 461 F. Supp. 2d 863, 866 (E.D. Wis. 2006) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)) (citation omitted). If a non-movant identifies a material factual dispute about whether the parties agreed to arbitrate, the non-movant is entitled to a jury trial on that issue. 9 U.S.C. § 4 ("If the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof."); *Scheurer v. Fromm Fam. Foods LLC*, 863 F.3d 748, 751 (7th Cir. 2017).

### III.    Analysis

### a.    *There is a valid and enforceable agreement to arbitrate.*

The question of whether a valid arbitration agreement exists is a question of state contract law. *Tuttle v. Sallie Mae, Inc.,* No. 1:13-CV-183 JD-RBC, 2014 WL 545379, at *2 (N.D. Ind. Feb. 11, 2014). Defendant argues South Dakota law should apply (ECF 20 at 7-8), and Plaintiff does not argue otherwise (*see* ECF 21).

Under South Dakota law,

> [t]he use of an accepted credit card or the issuance of a credit card agreement and the expiration of thirty days from the date of issuance without written notice from a card holder to cancel the account creates a binding contract between the card holder and the card issuer with reference to any accepted credit card, and any charges made with the authorization of the primary card holder.

S.D. Codified Laws § 54-11-9. The notion that use of a credit card constitutes agreement to its terms, including an arbitration agreement, is echoed in district courts interpreting South Dakota law. *See, e.g., Du-Phillips v. Citibank, N.A.,* No. CV 25-00034 JAO-RT, 2025 WL 1615329, at *10 (D. Haw. June 5, 2025); *Ball v. Citibank, N.A.*, 733 F. Supp. 3d 972, 978 (D. Nev. 2024) ("In South Dakota, use of an accepted credit card ... creates a binding contract between the card holder and card issuer with reference to any accepted credit card.").

In this case, Defendant contends that Plaintiff confirmed receipt of and agreed to the Account Agreement, which contained the arbitration clause. In support, Defendant relies on Mitchell's affidavit. (ECF 20-1 at 2). He states that Citibank's records show a credit card was issued to Plaintiff by Department Stores National Bank, a subsidiary of Citibank, in August 2020 and that Plaintiff continued to use the card until October 2024. (*Id*. at 3). Mitchell further states that the arbitration clause of the Account Agreement remained unchanged during Plaintiff's use of the card. (*Id.* at 5 ("Any terms of the Credit Card Agreement not amended remain

unchanged.")). Plaintiff could have objected to the arbitration clause portion (ECF 19-1 at 5), but Mitchell's review of Citibank's records indicate there is no record of Plaintiff doing so (ECF 20-1 at 5).

Plaintiff argues Defendant has not proven a valid enforceable arbitration agreement because Defendant has not produced certain business records. (ECF 21 at 4). However, Plaintiff has provided none of his own evidence and has not disputed any of the evidence provided by Defendant. This is insufficient.

The evidentiary standard for a party seeking to avoid compelled arbitration is that of summary judgment: "the opposing party must demonstrate that a genuine issue of material fact warranting a trial exists." *Tinder,* 305 F.3d at 735 (collecting cases). "Just as in summary judgment proceedings, a party cannot avoid compelled arbitration by generally denying the facts upon which the right to arbitration rests; the party must identify specific evidence in the record demonstrating a material factual dispute for trial." *Id.* (citation omitted). In this case, Plaintiff has produced no evidence nor disputed the evidence presented. Given the evidence presented by Defendant, a valid Account Agreement exists, and since the Agreement contains an agreement to arbitrate, the arbitration clause is also valid and enforceable.

> b. *Plaintiff's claims are within the scope of the arbitration clause.*

To determine if the parties agreed to submit this particular dispute to arbitration, we must look at the language in the arbitration clause. In interpreting an arbitration clause, "we look first to the plain meaning of the provision, and strive to avoid absurd results." *Int'l Bhd. of Elec. Workers, Loc. 21 v. Illinois Bell Tel. Co.*, 491 F.3d 685, 688 (7th Cir. 2007) (citation omitted). In reviewing the arbitration clause "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive

assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id*. at 687-88 (brackets and internal quotations omitted).

The arbitration clause states, "[y]ou or we may arbitrate any claim, dispute or controversy between you and us arising out of or related to your account, a previous related account or our relationship …." (ECF 19-1 at 5). This language is broad and unambiguous. The arbitration clause covers any claim relating to the account or Plaintiff's relationship with Defendant. As characterized by Defendant, "Plaintiff's claims revolve around the reporting of the debt he incurred on his Account." (ECF 20 at 10). Looking at Plaintiff's complaint, this is a proper characterization. (ECF 5). Plaintiff's claims arising out of his relationship with Citibank and his account fall cleanly within the arbitration clause. *See Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993) ("[A]ny dispute between contracting parties that is in any way connected with their contract could be said to 'arise out of' their agreement and thus be subject to arbitration under a provision employing this language."). Further, Plaintiff does not advance any argument to the contrary. (*See* ECF 21). Plaintiff's claims are within the scope of the agreement to arbitrate.

   c.   *Plaintiff's miscellaneous arguments have no merit.*

In his response, Plaintiff advances a number of arguments against arbitration which have no merit. First, he argued this motion to compel arbitration is premature. (ECF 20 at 3). This is not the case. The Court has ruled on the Plaintiff's motion to remand to state court, affirming this Court's jurisdiction in this case. (ECF 29). Given jurisdiction has been affirmed and the motion to compel is fully briefed, the motion is ripe for ruling.

Second, Plaintiff argues Defendant has waived its right to arbitration because it chose litigation first. (ECF 20 at 4-5). Not so. Defendant has acted consistent with the arbitration clause. The arbitration clause says:

> We won't initiate arbitration to collect a debt from you unless you choose to arbitrate or assert a Claim against us. If you assert a Claim against us, we can choose to arbitrate, including actions to collect a debt from you. You may arbitrate on an individual basis Claims brought against you, including Claims to collect a debt.

(ECF 19-1 at 5). Defendant did not indicate any intention to litigate Plaintiff's claims and has acted consistent with this agreement. *See Kawasaki Heavy Indus., Ltd. v. Bombardier Recreational Prods., Inc.*, 660 F.3d 988, 995 (7th Cir. 2011) (finding arbitration was not waived where the party acted consistently with the intent to arbitrate). In caselaw cited by Plaintiff, courts find waiver where a party files suit, and the other party engages in litigation for a while, only to raise the issue of arbitration later. *See, e.g., id*. at 994-95. In this case, as soon as Plaintiff asserted a claim against Defendant, Defendant removed this case to this Court and filed this motion. Defendant has taken no action to pursue litigation in this case that would indicate a waiver of its right to arbitrate.

Third, Plaintiff invokes public policy concerns regarding arbitration in consumer finance cases such as this one. (ECF 20 at 6-7). However, courts around the country routinely uphold and enforce arbitration agreements such as this one. *See e.g.*, *Sesto v. Nat'l Fin. Sys., Inc.*, 04 C 7768, 2005 WL 6519430, at *3-4 (N.D. Ill. Apr. 25, 2005); *McCormick v. Citibank, NA*, No. 15-CV-46-JTC, 2016 WL 107911, at *4 (W.D.N.Y. Jan. 8, 2016); *Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182 (S.D. Cal. 2013). In fact, federal policy favors arbitration agreements. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983).

     *d.   This case shall be stayed pending arbitration.*

The FAA provides that a court, upon determination that an action before it is subject to an enforceable arbitration provision, "shall … stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3; *see also Smith v. Spizzirri*, 601 U.S. 472, 475-76 (2024) (footnote omitted); *Nat'l Cas. Co. v. Cont'l Ins. Co.*, 121 F.4th 1151, 1153 (7th Cir. 2024). Thus, this case will be stayed.

## IV.    Conclusion

Accordingly, the motion to compel (ECF 19) is GRANTED. This case is STAYED pending arbitration. Plaintiff's "motion to compel Defendant to answer complaint" (ECF 22) is DENIED as moot. Given this case shall be stayed pending arbitration, no additional pleadings are necessary for case progress at this time.

The parties are ORDERED to file a joint status report within fourteen days following the conclusion of the underlying arbitration.

SO ORDERED.

Entered this 9th day of April 2026.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge