**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

BRENT GROENEWEG,

Plaintiff,

v.

CITIBANK NA,

Defendant.

CASE NO. 1:26-CV-61-HAB-ALT

## OPINION AND ORDER

Plaintiff Brent Groeneweg ("Groeneweg"), proceeding without an attorney, previously filed a complaint against Citibank NA ("Citibank") asserting several claims related to the company's efforts to collect on Groeneweg's debt from a Citibank credit card. (ECF 5). Citibank had first pursued a civil debt collection action against Groeneweg in state court. (ECF 5). Groeneweg responded by filing his claims against Citibank in a separate suit and moving to consolidate the actions.[1] (*Id.*). Citibank then removed Groeneweg's case to this Court. (ECF 1). Groeneweg then sought to remand the case to the Allen Superior Court while Citibank sought to compel arbitration.[2] (ECF 7, 19). The Court denied Groeneweg's motion while Magistrate Judge Andrew L Teel granted Citibank's motion and stayed proceedings in this case. (ECF 29, 31).

Groeneweg now asks this Court to reconsider its decision to deny his motion to remand. (ECF 32). In the alternative, he requests that the Court decline supplemental jurisdiction over his state law claims so they may be remanded to state court. (*Id.*). Regardless of whether his motion

---

[1] Under Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the state court dockets in the two cases. *Citibank NA v. Brent A Groeneweg*, Cause No. 02D02-2510-CC-004447 (debt collection action); *Brent Groeneweg v. Citibank N A*, Cause No. 02D01-2601-PL-000006 (Groeneweg's parallel claims under the FDCPA and Indiana common law).

[2] Groeneweg also filed a motion for entry of default and default judgment, which the Court also denied. (ECF 28, 30).

has any merit, arbitration has been compelled and this case has been stayed. (ECF 29, 31). This Court is no longer the proper venue for any dispute between the parties until the arbitration concludes. 9 U.S.C. § 3. This would hold true even if Groeneweg got his wish. 9 U.S.C. § 2; *Badgerow v. Walters*, 596 U.S. 1, 8 n. 2 (2022) ("[T]he FAA's core substantive requirement—Section 2's command to enforce arbitration agreements like other contracts—applies in state courts, just as it does in federal courts.").

Accordingly, Groeneweg's Motion to Reconsider (ECF 32) is DENIED.

**SO ORDERED** on June 9, 2026.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT